# DISTRICT COURT OF THE VIRGIN ISLANDS
# DIVISION OF ST. CROIX

| | |
|---|---|
| **THE BANK OF NOVA SCOTIA,** )<br>  )<br> **Plaintiff,** )<br>  )<br> v. )<br>  )<br> **ZALE TUTEIN,** )<br>  )<br> **Defendant.** )<br>  ) | Civil Action No. 2017-0016 |

**Attorneys:**
**Matthew Reinhardt, Esq.,**
St. Thomas, U.S.V.I.
 *For Plaintiff*

## MEMORANDUM OPINION

**Lewis, Chief Judge**

THIS MATTER comes before the Court on the "Motion for Default Judgment" (Dkt. No. 22), filed by Plaintiff Bank of Nova Scotia (the "Bank") against Defendant Zale Tutein ("Tutein"). For the reasons discussed below, the Court will grant the Bank's Motion for Default Judgment.

## BACKGROUND

On April 3, 2017, the Bank filed a Complaint against Defendant Tutein alleging a cause of action for debt and foreclosure of a real property mortgage. (Dkt. No. 1). The Bank asserts that Tutein defaulted on a Promissory Note and on a First Priority Mortgage regarding certain property ("the Property") described as:

> Plot No. 377 Estate Work and Rest, Queen Quarter, St. Croix, U.S. Virgin Islands (comprising 0.1583 U.S. acre, more or less), as more particularly shown on O.L.G. Drawing No. 3092 dated November 20, 1972, and last revised April 22, 1976.

(Dkt. No. 1 at ¶ 8). In its Complaint, the Bank alleges that, on December 20, 2005, Tutein executed and delivered to the Bank a mortgage note (the "Note"), obligating himself to pay the principal

amount of $118,750, together with interest at a rate of 6.375% per annum, in equal monthly installments of $740.85. *Id.* at ¶ 5. To secure payment on the Note, Tutein granted to the Bank a first priority mortgage over the Property, dated December 20, 2005 (the "Mortgage"), which provided that Tutein would pay to the Bank the payments due under the Note. *Id.* at ¶¶ 8-9.

The Bank further alleges that Tutein defaulted under the terms of the Note and Mortgage, and that the Bank gave notice of default to Tutein by correspondence dated January 30, 2017. (*Id.* at ¶ 12; Dkt. No. 1-4). The Bank also avers that the notice of default advised Tutein that failure to cure the default could result in acceleration of the debt and foreclosure of the mortgage lien. (Dkt. No. 1-4 at 2). Finally, the Bank alleges that, as of the date of the Complaint, the default had not been cured. (Dkt. No. 1 at ¶ 13).

As to the debt cause of action, the Bank asserts that Tutein owes the Bank $173,404.23 in unpaid principal balance, plus accrued interest and late charges. *Id*. The Bank further alleges that, under the terms of the Mortgage, it is entitled to be reimbursed for any real property taxes and insurance premiums it pays regarding the Property, and that under the terms of the Note and Mortgage, it is entitled to post-judgment interest on the judgment amount, costs and reasonable attorneys' fees. (Dkt. No. 1 at 4).

Regarding the foreclosure cause of action, the Complaint states that the Bank is the lawful owner of the Note and holds the Mortgage, allowing it to maintain the foreclosure action. *Id.* at ¶ 11. The Bank alleges that Tutein is in default under the terms and conditions of the Note and Mortgage. *Id.* at ¶¶ 12-13. The Bank further claims it is entitled to foreclose its lien on the Property, sell the Property to satisfy the Note, and recover any deficiency from Tutein. *Id.* at 5.

Tutein was served with a copy of the Summons and Complaint on May 4, 2017. (Dkt. No. 5). Tutein has neither answered the Complaint nor appeared in this action. On July 14, 2017, the

Bank filed an application for Entry of Default against Tutein (Dkt. No. 7), and the Clerk of Court entered default against Tutein on July 31, 2017 (Dkt. No. 12). In November 2017, the action was stayed because of FEMA Declarations pursuant to 42 U.S.C. § 5121 *et. seq.* (Dkt. Nos. 13, 14). The stay was lifted on January 8, 2018. (Dkt. No. 16).

On February 26, 2018, the Bank filed the instant Motion for Default Judgment ("Motion") and Memorandum of Law (Dkt. No. 22), along with an Affidavit of Lost Instrument,[1] Declaration of Counsel in Support of Motion for Default Judgment, and related documents. (Dkt. Nos. 22-1 to 22-8). In the Motion, the Bank seeks a default judgment for debt against Tutein for the entire amount due under the Note, plus expenses, interest, and attorneys' fees, as well as foreclosure of the Property. On March 5, 2018, the Bank filed a corrected Affidavit of Indebtedness setting forth the amounts owed under the terms of the Note and Mortgage. (Dkt. No. 23-1).

The Bank argues that the procedural elements for default judgment have been satisfied because: Tutein was properly served with copies of the Summons and Complaint; the Clerk entered default against him; and Tutein is not an infant or incompetent person, nor in the military service. (Dkt. Nos. 22-6; 22-7). The Bank further contends that the pleadings in this action provide a sufficient basis for entry of default judgment on the merits of its claims, as the documentation shows that Tutein executed the Note and the Mortgage; the Bank has established its rights to the original Note and is holder of the Mortgage; Tutein defaulted under the terms of the Note and Mortgage by failing to make the payments due on June 1, 2012 and thereafter; the Bank gave

---

[1] In its Affidavit of Lost Instrument (Dkt. No. 22-1), the Bank avers that the original Note has been "inadvertently lost, misplaced or destroyed, or is in the wrongful possession of an unknown person or person that cannot be found," *id.* at ¶ 6; that the Bank has made a "good faith, diligent search" for the original Note, but the Note could not be located, *id.* at ¶ 7; that that the Bank's business records show that the Note has not been "assigned, forgiven, discharged cancelled, subordinated, sold, transferred, encumbered, pledged or hypothecated" *id.* at ¶ 5.

Tutein notice of the default and he failed to cure the default; and the Bank elected to accelerate the amounts due and owing upon default and foreclose on the Property. (Dkt. No. 22 at 6-7). In addition, the Bank asserts that it has demonstrated its entitlement to default judgment under the factors set forth in *Chamberlain v. Giampapa*, 210 F.3d 154 (3d Cir. 2000). (Dkt. No. 22 at 6, 8). The Bank further asserts that it is entitled to an award of costs and attorneys' fees incurred in the prosecution of this action. *Id.* at 8.

In support of the Motion, the Bank filed a Declaration of Counsel, in which Matthew Reinhardt, Esq. averred that a search of the Department of Defense Manpower Database revealed that, as of February 23, 2018, Tutein was not in the military service as defined in the Servicemember's Civil Relief Act of 2003, 50 U.S.C. § 3931. (Dkt. Nos. 22-6 at ¶ 6; 22-7). Attorney Reinhardt also declared that, upon information and belief, Tutein is over the age of 18 and is competent. (Dkt. No. 22-6 at ¶¶ 7-8).

The Bank also filed an Affidavit of Indebtedness, signed by Attallah R. Bertrand-Rogers, a Mortgage Manager of the Bank, who is familiar with the Bank's business records and how they are maintained and kept. (Dkt. No. 23-1 at ¶ 4). Bertrand-Rogers confirmed that Zale Tutein executed the Mortgage referenced in the Complaint and that the Bank is the owner of the Note and Mortgage and holder of the instruments. The Affidavit updates the amounts due and owing the Bank through February 23, 2018, as follows: $108,447.27 in unpaid principal balance; interest of $40,169.67 from May 1, 2012 through February 23, 2018; insurance and tax advances totaling $19,452.02; Broker Price Opinion Costs of $595.00; Title Costs of $485.00; Property Inspection Fees of $461.50; Property Preservation Costs of $8,332.69; Late Charges totaling $1,407.52; and Other Expenses of $105.40. *Id.* at ¶ 10. The Affidavit arrives at a total amount due and owing

4

through February 23, 2018 of $179,456.07—with interest accruing at the per diem rate of $18.94 until the entry of Judgment. (Dkt. No. 22 at ¶ 19).

## APPLICABLE LEGAL PRINCIPLES

In an application for an entry of default judgment, the Court accepts as true any facts contained in the pleadings regarding liability. Fed. R. Civ. P. 8(b)(6). Legal conclusions, however, are not deemed admitted, nor are the extent and amount of damages claimed by a party. *See Star Pacific Corp. v. Star Atl. Corp.*, 574 F. App'x 225, 231 (3d Cir. 2014); *DIRECTV, Inc. v. Pepe*, 431 F.3d 162, 165 n.6 (3d Cir. 2005); Fed. R. Civ. P. 8(b)(6). Parties are not entitled to an entry of default judgment as of right; instead, the matter is addressed to the sound discretion of the court. *Catanzaro v. Fischer*, 570 F. App'x 162, 165 (3d Cir. 2014); *Tozer v. Charles A. Krause Milling Co.*, 189 F.2d 242, 244 (3d Cir. 1951).

An application for entry of default judgment must contain evidence, by affidavits and/or documents, of the following:

> (1) the entry of default pursuant to Rule 55(a); (2) the absence of any appearance by any party to be defaulted; (3) that the defendant is neither an infant nor an incompetent [person]; (4) that the defendant has been validly served with all pleadings; (5) the amount of judgment and how it was calculated; (6) and an affidavit of non-military service in compliance with the [Servicemember's] Civil Relief Act.

*Flagstar Bank, FSB v. Rivers*, 2014 WL 1101859, at *3 (D.V.I. Mar. 18, 2014) (quoting *Bank of Nova Scotia v. Abdallah*, 2013 WL 5312399, at *5 (D.V.I. Sept. 23, 2013)); *see also Idewu v. Sealey*, 2012 WL 944781, at *2 (D.V.I. Mar. 19, 2012) (citations and quotations omitted); *Island Yacht Charters, Inc. v. Malgaglio*, 2009 WL 1507406, at *1 (D.V.I. May 28, 2009); Fed. R. Civ. P. 55(b). Additionally, the Court must assess three factors when determining whether default judgment is appropriate: "(1) prejudice to the plaintiff if default is denied, (2) whether the

defendant appears to have a litigable defense, and (3) whether defendant's delay is due to [defendant's] culpable conduct." *Chamberlain v. Giampapa*, 210 F.3d at 164 (citing *United States v. $55,518.05 in U.S. Currency*, 728 F.2d 192, 195 (3d Cir. 1984)).

## DISCUSSION

The Bank has satisfied all the requirements necessary to obtain a default judgment against Tutein. It has properly shown that: (1) default was entered against Tutein by the Clerk of Court (Dkt. No. 12); (2) Tutein has not appeared; (3) Tutein is not an infant nor an incompetent person (Dkt. No. 22-6 at ¶¶ 6-7); and (4) Tutein was validly served with process (Dkt. No. 5). In addition, the Bank provided a copy of a Military Status Report from the Department of Defense Manpower Database showing that Tutein is not in the military service as defined in the Servicemember's Civil Relief Act, 50 U.S.C. § 3931. (Dkt. No. 22-7). The Bank has also shown with specificity how it calculated the amount of the judgment. (Dkt. No. 23-1).

The Court's conclusion that the Bank has satisfied the requirements necessary for entry of default judgment is not altered by the Bank's inability to produce the original Note. Pursuant to 11A V.I.C. § 3-309, when a party endeavors to prove the existence of a lost note, the party "must prove the terms of the instrument and the person's right to enforce the instrument." *Id.* at § 3-309(b). The Court finds that the Bank has done so here. (See Dkt. Nos. 22-1; 23-1). When such proof is made, the Court proceeds "as if the person seeking enforcement had produced the instrument." 11A V.I.C. § 3-309(b). Without a physical copy of the original note, however, the Court "may not enter judgment . . . unless it finds that the person required to pay the instrument is adequately protected against loss that might occur by reason of a claim by another person to enforce the instrument." *Id*. Here, the Bank has "agree[d] to indemnify and hold harmless [Tutein] . . . against any loss or damage that might occur by reason of a claim by another person to enforce

the Note." (Dkt. No. 22-1 at ¶ 11). The Court finds this agreement—which the Court will include in its Judgment and Order—adequately protects Tutein. 11A V.I.C. § 3-309(b); s*ee also Bank of Nova Scotia v. Davis*, 2018 WL 4355177, at *3 (D.V.I. Sept. 11, 2018).

Finally, the Court has considered the *Chamberlain* factors and finds that the prejudice to the Bank resulting from Tutein's breach of his contractual obligations, together with the apparent absence of a litigable defense, weighs in favor of the Court granting default judgment. In addition, Defendant Tutein's default was a result of his culpable conduct as evidenced by his refusal to respond to the Complaint. *See World Ent'mt Inc. v. Brown*, 487 F. App'x 758, 762 (3d Cir. 2012) (finding that defendant engaged in culpable conduct by, *inter alia*, failing to respond to complaint because such failure showed a willful disregard for plaintiff's legal communications); *Cohen v. Gabriel Enters., Inc.*, 2013 WL 1154847, at *5 (D.V.I. Mar. 21, 2013) (citing cases finding culpable conduct where defendants failed to answer complaint). Consequently, default judgment is appropriate.

Accordingly, the Court will grant the Bank's Motion for Default Judgment.

## **CONCLUSION**

The Bank of Nova Scotia has satisfied the requirements necessary for entry of a default judgment against Zale Tutein. Accordingly, the Bank's Motion for Default Judgment will be granted.

An appropriate Judgment and Order accompanies this Memorandum Opinion.

Date: June 27, 2019               _____/s/_____
                                  WILMA A. LEWIS
                                  Chief Judge