DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. CROIX

| | |
|---|---|
| **ORIENTAL BANK,** | ) |
| **Plaintiff,** | ) |
| v. | ) Civil Action No. 2017-0016 |
| **ZALE TUTEIN,** | ) |
| **Defendant.** | ) |

**Attorney:**
**Matthew Reinhardt, Esq.,**
St. Thomas, U.S.V.I.
*For Plaintiff*

## MEMORANDUM OPINION

**Lewis, District Judge**

THIS MATTER comes before the Court on the "First Amended Motion for Attorney's Fees" ("Amended Motion") (Dkt. No. 43),[1] filed by Plaintiff Oriental Bank ("Plaintiff") against Defendant Zale Tutein ("Tutein"). For the reasons discussed below, the Court will grant in part and deny in part Plaintiff's Amended Motion.

### I.   BACKGROUND

On April 3, 2017, Plaintiff's predecessor in interest, the Bank of Nova Scotia ("BNS"), filed this action against Tutein for debt and foreclosure of a real property mortgage based on a Promissory Note and a First Priority Mortgage executed in December 2005. (Dkt. No. 1 at ¶¶ 6-9). BNS alleged that Tutein defaulted under the terms of the Note and Mortgage and failed to cure

---

[1] Plaintiff's "First Amended Motion" is an updated request that includes the attorneys' fees and costs set out in an earlier filed "Motion for Attorney's Fees" (Dkt. No. 27), along with additional costs and fees incurred since July 29, 2019. (Dkt. No. 43).

that default, resulting in the acceleration of the debt and BNS' efforts to foreclose the mortgage. *Id.* at ¶¶ 10-13. Tutein did not respond to BNS' Complaint.

In June 2019, the Court entered default judgment in favor of BNS and against Tutein. (Dkt. No. 25). The Court declared that BNS had a first priority lien against the real property described in the Mortgage and entered Judgment in favor of BNS for a total indebtedness of $179,456.07, plus post-judgment interest. *Id.* at 1-2. On July 29, 2019, Plaintiff filed a "Motion for Attorney's Fees," requesting $4,239.50 in attorneys' fees and $1,251.00 in costs. (Dkt. No. 27).

In March 2020, BNS transferred its interest in the Note and Mortgage to Plaintiff Oriental Bank, which was substituted as the real party in interest. (Dkt. No. 36). Thereafter, on April 28, 2021, Plaintiff filed the instant Amended Motion seeking $8,576.50 in attorneys' fees and $3,019.00 in costs, which includes additional attorneys' fees and costs billed by Plaintiff's counsel after July 29, 2019. (Dkt. No. 43). The Amended Motion is supported by a Declaration of Counsel and copies of billing records from Plaintiff's counsel. (Dkt. Nos. 44-1; 44-2).

## II.   DISCUSSION

### A. Attorneys' Fees

The terms of the Mortgage enforced in this case provides for Plaintiff's right to "collect all expenses incurred … but not limited to reasonable attorneys' fees and costs of court." (Dkt. No. 22-2 at ¶ 22). Based on this provision and Plaintiff's status as the prevailing party under Virgin Islands law, Plaintiff seeks $8,576.50 in attorneys' fees incurred in pursuing this foreclosure action. (Dkt. No. 44 at 1).

The Virgin Islands statute governing attorneys' fees provides, in pertinent part: "The measure and mode of compensation of attorneys shall be left to the agreement, express or implied, of the parties...." 5 V.I.C. § 541(b). The Supreme Court of the Virgin Islands has held, however,

2

that "although a fee arrangement for legal services is a matter of contract between the client and the attorney, courts will enforce only reasonable attorneys' fees, even if the contract itself is otherwise enforceable." *Rainey v. Hermon*, 55 V.I. 875, 880-81 (V.I. 2011); *see also Abramovitz v. Lynch*, Civil No. 2005-92, 2007 WL 1959164, at *1 (D.V.I. June 26, 2007) (courts should not enforce contractual provisions that allow unreasonable attorneys' fees); *Yearwood Enterprises, Inc. v. Antilles Gas Corp.*, 2017 WL 6316625, at *3 n.21 (V.I. Super. Dec. 5, 2017) ("Regardless of whether the relief is awarded under V.I.R. Civ. P. 54 or 5 V.I.C. § 541(b), the Court must consider whether the attorney's fees and costs are reasonable."). In addition, the Virgin Islands Rules of Professional Conduct forbid any attorney from making any agreement for or charging "unreasonable fee[s]" or expenses. V.I. Sup. Rule 211.1.5(a). The terms of the Mortgage here also state that Plaintiff may recover "reasonable" attorneys' fees. (Dkt. No. 22-2 at ¶ 9). Therefore, the Court will look to the body of case law interpreting 5 V.I.C. § 541(b) for guidance in assessing what attorneys' fees may be "reasonable." *See Phillips v. FirstBank Puerto Rico*, Civ. No. 13-105, 2018 WL 1789546, at *3 (D.V.I. Apr. 12, 2019) (observing that the inclusion of attorneys' fees within the definition of reasonable costs is derived from 5 V.I.C. § 541).

"To determine a fair and reasonable award of attorneys' fees under 5 V.I.C. § 541(b), the Court considers factors including the time and labor involved, skill required, customary charges for similar services, benefits obtained from the service and the certainty of compensation." *United States v. Woods*, Civil Action No. 2014-0111, 2016 WL 6471448, at *9 (D.V.I. Oct. 31, 2016) (quoting *Staples v. Ruyter Bay Land Partners, LLC*, Civil Action No. 2005-0011, 2008 WL 413308, at *1 (D.V.I. Feb. 6, 2008) (citing cases)). Generally, when evaluating the reasonableness of a claim for attorneys' fees, the court undertakes a two-step analysis. First, the court determines whether the hourly rate sought is reasonable in comparison to prevailing market rates in the

relevant community "for similar services by lawyers of reasonably comparable skill, experience, and reputation." *Williams v. Ranger American of V.I., Inc.*, Civ. No. 14-00017, 2017 WL 2543293, at *1 (D.V.I. June 12, 2017) (citing *Baumann v. Virgin Islands Water & Power Auth.*, Civ. No. 13-02, 2016 WL 1703312, at *1 (D.V.I. Apr. 27, 2016)); *see also Loughner v. Univ. of Pittsburgh*, 260 F.3d 173, 180 (3d Cir. 2001) (determining appropriate hourly rate by comparing the experience and skill of prevailing party's attorneys with that of local attorneys with comparable skill, experience, and reputation). The second step requires the court to decide whether the total hours billed were "reasonably expended," excluding time billed that is "excessive, redundant, or otherwise unnecessary." *Phillips*, 2018 WL 1789546, at *3 (quoting *Flagstar Bank, FSB v. Stridiron*, Civil Action No. 2011-046, 2013 WL 5941298, at *6 (D.V.I. Oct. 31, 2013)).

Traditionally, Virgin Islands courts "'have generally concluded that a reasonable hourly rate in this jurisdiction spans from $125 to $300 per hour.'" *Williams*, 2017 WL 2543293, at *2; *see also Bank of Nova Scotia v. Davis*, Civil Action No. 2017-41, 2019 WL 7593154, at *2 (D.V.I. Sept. 13, 2019) (acknowledging attorneys' rates generally spans from $125 to $300 per hour); *Ditech Financial, LLC v. Felice*, Civil No. 2016-94, 2019 WL 4941365, at *3 (D.V.I. 2019) (awarding attorneys' fees at an hourly rate of $250 for a standard residential mortgage foreclosure case); *Bank of Nova Scotia v. Robinson*, Civil Action No. 2016-0019, 2018 WL 1513269, at *5 (D.V.I. March 13, 2018) (awarding attorneys' fees at a $300 hourly rate in foreclosure proceeding). More recently, however, hourly rates of up to $350.00—or higher depending on the experience level of the attorney and the complexity of the case—have been found to be reasonable rates charged in the Virgin Islands. *See, e.g.*, *Herishetapaheru v. Firstbank Puerto Rico*, Civil Action No. 2016-0057, 2022 WL 991327, at *3 (D.V.I. Mar. 31, 2022) (allowing $325.00 and $250.00 in attorneys' fees based on the attorney's level of experience); *Equivest St. Thomas, Inc. v. Gov't of*

4

*the Virgin Islands,* No. 01-CV-00155, 2004 WL 3037953, at *8 (D.V.I. Dec. 31, 2004) (concluding that rate of $403.75/hour was reasonable rate for senior partner and noting that the rate was justified by the expertise of the attorney and "unusual complexity of the litigation."); *High Times VI Enterprises, LLC v. Rahhal*, 74 V.I. 304, 310 (V.I. Super. Ct. Apr. 14, 2021) ("The Court finds that Plaintiff's counsel's rate of $350.00 per hour to be consistent with the customary and prevailing market rates that similarly experienced attorneys charge in the U.S. Virgin Islands."); *Chapa v. Sepe*, No. 12-cv-00505, 2013 WL 8609242, at *2 (V.I. Super. Ct. June 3, 2013) (concluding that rate of $395/hour is "at the high end of the customary and prevailing market rates" charged by experienced attorneys in the Virgin Islands).

In the Declaration of Counsel appended to the Amended Motion, Plaintiff's counsel asserts that he is paid under flat rates at pre-determined milestones during the case and that these "milestone" rates have been found to be reasonable by Fannie Mae. (Dkt. No. 44-1 at 2). At these stages, the milestone is attributed in counsel's records to one hour of legal work, which clearly results in an hourly rate that is neither accurate nor reasonable. For example, when Plaintiff's referral is received, Plaintiff is billed at a rate of $675.00. *Id.* When the Complaint is filed, counsel bills Plaintiff at a rate of $450.00. *Id.* Such hourly rates for a run-of-the-mill foreclosure case are unreasonable under the case law developed in Virgin Islands courts. However, based on the billing records, non-milestone tasks are billed at an hourly rate of $215 per hour. *Id.* This rate is reasonable for an uncontested foreclosure case, and the Court will use the $215 per hour rate as the applicable rate for legal services rendered.

Having determined a reasonable hourly rate, the Court must then determine whether the number of hours billed were "reasonably expended." *Phillips*, 2018 WL 1789546 at *3. Counsel's billing records reflect that he and his former co-counsel expended 31.5 hours on this

matter, with 4.7 of those hours marked as "NON RECOVERABLE."[2] (Dkt. No. 44-2). This results in the total number of hours claimed for recoverable time as 26.8 hours.

In view of the 26.8 hours billed—which includes hours billed for milestone tasks—the Court concludes that the number of hours claimed by Plaintiff is excessive. This was a routine, run-of-the-mill foreclosure case that was resolved by default judgment and the issues were relatively straightforward. With regard to post-Judgment tasks performed since July 29, 2019, the docket and Plaintiff's billing records reflect that time was billed for preparing very short filings of no more than two pages in length, consisting of: a Motion to Stay related to COVID-19 relief (Dkt. No. 29); two Status Reports/Motions for Stay Extension (Dkt. Nos. 31, 33); a Motion for Order Lifting the Stay (Dkt. No. 35); a Motion for Substitution (Dkt. No. 36); and an Application for Writ of Execution (Dkt. No. 39).

Considering the routine, straightforward nature of the case and the relative simplicity of the tasks performed, the Court finds that 26.8 hours of work billed at the $215/hour rate for a total amount of $5,762.00[3] in attorneys' fees is excessive. The Court will therefore reduce the $5,762.00 in fees by twenty percent and will award attorneys' fees of $4,609.60. The Court finds that this amount is reasonable and more comparable with awards in other uncontested, run-of-the mill foreclosure cases—as here—without any unusual issues. *See, e.g.*, *Flagstar Bank, FSB v. Walcott,* Civil Action No. 2018-0037, 2022 WL 4094075, at *4 (D.V.I. Sept. 6, 2022)

---

[2] The "NON RECOVERABLE" hours primarily appear to be the time counsel spent following the entry of Judgment for the preparation and filing of monthly status reports counsel sent to his client while the case was stayed due to orders issued by the Federal Housing Finance Authority and the U.S. Department of Housing and Urban Development as a result of the COVID-19 pandemic. (Dkt. Nos. 29-30).

[3] At the reduced hourly rate of $215 per hour, instead of the much higher rates reflected in Plaintiff's flat-fee, milestone arrangement with its counsel, Plaintiff's request for attorneys' fees for 26.8 hours of billable work is reduced from $8,576.50 to $5,762.00.

(awarding $4,850.00 in attorneys' fees); *Lakeview Loan Servicing, LLC v. Martinez*, Civil Action No. 2016-0073, 2020 WL 4572340, at *7 (D.V.I. Aug. 7, 2020) (awarding $4,975.00 in attorneys' fees); *Fed. Nat'l Mortg. Ass'n v. Searles*, Civil Action No. 2015-0021, 2020 WL 4548218, at *3 (D.V.I. Aug. 5, 2020) (awarding $4,867.22 in attorneys' fees); *Lakeview Loan Servicing, LLC v. Rodriguez*, Civil Action No. 2016-0049, 2020 WL 2441412, at *5 (D.V.I. May 12, 2020) (awarding $4,175.00 in attorneys' fees).

### B. Costs and Expenses

The Supreme Court of the Virgin Islands has opined that "costs" and "expenses" do not cover the same outlays of funds. In *Terrell v. Coral World*, 55 V.I. 580 (V.I. 2011), the court noted that Title 5, Sections 541 through 547, "govern the award of costs to a prevailing party in civil litigation." *Id*. at 584. The *Terrell* court observed that "'costs are not synonymous with expenses unless expressly made so by statute.'" *Id*. at 591 n.14 (citation omitted). With regard to "expenses"—those case-related expenditures that do not qualify as "costs" under applicable statutes—such payments may be reimbursed if allowed by the parties' contract, because courts generally enforce the terms of contracts. *See Audubon Engineering Co. LLC v. Int'l Procurement & Contracting Group LLC*, 647 F. App'x 95, 100 n.4 (3d Cir. 2016) (Plaintiff was entitled to attorneys' fees pursuant to contract); *Rainey v. Hermon*, 55 V.I. at 886 (court permitted party to recover legal fees and administrative costs allowed by its contract, "unless the fee is unreasonable.").

Plaintiff is seeking reimbursement of $3,019.00 for the following costs and expenses: $675.00 for title services; $26.00 for a filing fee for a *lis pendens*; $150.00 in service costs; $433.00 in Court fees; $65.00 for U.S. Marshal fees; $318.00 in travel expenses; and $1,352.00 in publication costs. (Dkt. No. 44-2 at 25; 29-31; 37; 41; 44; 53; 57). In support of its request, Plaintiff

7

has attached documents seemingly prepared by counsel's firm reflecting disbursements for certain services. (Dkt. No. 96-1). However, Rule 54(b) of the Local Rules requires the application of costs to be verified by the attorney, with supporting invoices for the costs claimed.[4] Plaintiff failed to attach actual invoices from each of the service providers to support the costs claimed. Accordingly, the Court will deny Plaintiff's request for costs. *See* Local Rule 54.1(c) ("Upon failure of the prevailing party to comply with this Rule, all costs not properly supported shall be waived."); Zurich *Am. Ins. Co.*, 87 F. Supp. 3d at 705 (internal citation omitted) ("The party seeking recover[y] of costs must 'provide sufficient information' to demonstrate the compensable nature of the requested costs.").[5]

## IV. CONCLUSION

For the foregoing reasons, Plaintiff Oriental Bank's "Amended Motion for Attorneys' Fees" (Dkt. No. 43) will be granted in part and denied in part. Plaintiff will be awarded fees in the amount of $4,609.60, and its request for costs will be denied.

An appropriate Order accompanies this Memorandum Opinion.

Date: May 27, 2023                                     _____/s/_____
                                                       WILMA A. LEWIS
                                                       District Judge

---

[4] Local Rule 54.1(b) provides, in part, that "[c]ounsel shall append to the verified Bill of Costs copies of all invoices in support of the request for each item."

[5] The Court has previously cautioned Plaintiff's counsel in other matters before this Court that the application for costs must comply with both the applicable law and the Local Rules—including the submission of supporting invoices for the costs claimed—or such claims may be denied. *See, e.g.*, *New Residential Mortg. LLC v. Bentley*, Civil Action No. 2013-0066, 2020 WL 5579554, at *2 (D.V.I. Sept. 16, 2020); *Fed Nat'l Mortg. Ass'n*, 2020 WL 4548218, at *3.